IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03176-BNB

LLOYD V. HAYNES,

      Plaintiff,

v.

COLORADO DEPT. OF CORRECTIONS,
COLORADO STATE ADULT PAROLE BOARD,
PAROLE OFFICER THOMPSON,
PAROLE OFFICER WYCHE, and
PAROLE OFFICER BARR,

---

ORDER OF DISMISSAL

---

      Plaintiff, Lloyd V. Haynes, is in the custody of the Colorado Department of

Corrections (DOC) and is detained currently at the El Paso County Justice Center in

Colorado Springs, Colorado.  He has filed **pro se** a Prisoner Complaint pursuant to 42

U.S.C. § 1983 alleging that his rights under the United States Constitution were violated

because he was not released from DOC custody on his mandatory release date.  Mr.

Haynes has paid the $350.00 filing fee.

      The Court must construe Mr. Haynes' filings liberally because he is not

represented by an attorney.  **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall**

**v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991).  If the complaint reasonably can be

read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so

despite the plaintiff's failure to cite proper legal authority, his confusion of various legal

theories, his poor syntax and sentence construction, or his unfamiliarity with pleading

requirements."  **Hall**, 935 F.2d at 1110.  However, the Court should not be an advocate

for a ***pro se*** litigant.   ***See id***.   For the reasons set forth below, the complaint and the action will be dismissed.

Mr. Haynes alleges that his constitutional rights were violated when he was not released from DOC custody on the mandatory release date for his state criminal sentence.  Plaintiff alleges that he was found guilty of a code of penal discipline (COPD) violation in April 2010 and requested an available voluntary treatment program at the El Paso County jail.  On June 23, 2010, while Mr. Haynes was participating in the program, Defendant Thompson, a parole officer, forced him to sign an agreement to continue the program past his mandatory release date of June 29, 2010.  Compl, attach, at 2. According to Plaintiff, Defendant Thompson informed him that if he did not sign the agreement, he would receive a COPD write-up for "failure to comply with a direct order." ***Id.;*** Compl., at 4.  Mr. Haynes alleges that completion of the program required him to remain in jail until July 21, 2010, and that he was detained another five days for unknown reasons until July 26, 2010.  Compl. at 4-5.  He further asserts that if he disobeyed Defendant Thompson's order, he would have been required to complete a three-year term of mandatory parole in DOC custody.  ***Id.*** at 4.  Mr. Haynes claims that his incarceration from June 23, 2010, to July 26, 2010, was an illegal "third sep[a]rate and distinct sentence," ***id.*** at 3, and a violation of his federal due process rights.  ***Id.*** at 6.  For relief, he requests an award of compensatory and punitive damages and asks the Court to order Defendants to release him from "illegal mandatory parole."  ***Id.*** at 8.

Mr. Haynes appears to be challenging his delayed release on parole (the execution of his parole), and the fact or duration of his parole.  In ***Heck v. Humphrey***,

512 U.S. 477 (1994), the United States Supreme Court held that if a judgment for damages favorable to a plaintiff in a § 1983 action necessarily would imply the invalidity of the plaintiff's criminal conviction or sentence, the § 1983 action does not arise until the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck*, 512 U.S. at 486-87. *Heck* also bars proceedings challenging "the fact or duration of parole." *Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996). In short, "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit . . . — if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

An offender on parole is still serving his sentence and therefore meets the "in custody" requirement for federal habeas review under 28 U.S.C. § 2254. *See Jones v. Cunningham*, 371 U.S. 236, 241-43 (1963); *see also Cohen v. Longshore*, 621 F.3d 1311, 1315-17 (10th Cir. 2010) (*Heck* rule is limited to prisoners who are "in custody" and therefore are able to seek such review, citing *Spencer v. Kemna*, 423 U.S. 1, 21 (Souter, J., concurring)).

 A judgment in Plaintiff's favor in this action necessarily would imply the invalidity of his detention after June 29, 2010. Mr. Haynes may not seek monetary or injunctive relief under the federal civil rights statutes for the alleged unlawful detention until he has invalidated the decision by the parole board or other state parole officers to delay his release pending his completion of the treatment program in the El Paso County jail. Mr.

3

Haynes does not allege or otherwise demonstrate that the decision to continue his incarceration past his mandatory release date has been invalidated.  Accordingly, his claim for damages is barred by ***Heck***.  ***Cf. Scott v. Urlich***, 370 F. App'x 970, 970-71 (10th Cir. 2010) (unpublished) (affirming district court's order dismissing claim challenging parole board's decision to delay prisoner's release on parole as barred by ***Heck***); ***Noland v. Ortiz***, No. 07-1221, 2007 WL 2993560 (10th Cir. 2007) (unpublished) (construing plaintiff's allegations in § 1983 action that Colorado somehow meted out an unconstitutional "additional term of incarceration" beyond that imposed by the trial court as a challenge to either a period of mandatory parole or the revocation of that parole, and concluding that ***Heck*** barred claim); ***see also Munofo v. Alexander***, 47 F. App'x 329, 330-31(6th Cir. 2002) (unpublished) (prisoner's § 1983 suit, alleging that he was illegally imprisoned for eighteen days on an alleged parole violation, was barred by ***Heck*** because prisoner had not successfully challenged the parole detainer through appropriate remedies).  Furthermore, because Mr. Haynes has not shown that his period of mandatory parole has been invalidated, his request for damages based on the fact or duration of his parole is also barred by ***Heck***.  ***See Crow***, 102 F.3d at 1087.

Plaintiff's request that he be released from his "mandatory parole term" is only cognizable in a writ of habeas corpus.  ***Preiser v. Rodriguez***, 411 U.S. 475, 500 (1973) (prisoner challenging the fact or duration of his sentence must seek habeas corpus relief); ***Davis v. Roberts***, 425 F.3d 830, 834 (10th Cir. 2005).  A prisoner's challenge to the execution of his sentence, including a term of mandatory parole, must be raised in an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. ***See McIntosh v. United States Parole Comm'n***, 115 F.3d 809, 811-12 (10th Cir.1997); ***see also***

4

*Reed v. McKune*, 298 F.3d 946, 953 (10th Cir. 2002). Mr. Haynes has filed an

Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 in *Haynes v.*

*Colorado State Board of Parole, et al.*, Civil Action No. 11-cv-03121-BNB, challenging

his convictions for drug-related offenses. Mr. Haynes has named the Colorado Parole

Board as a Respondent in that action. In claim three of his § 2254 Application, Mr.

Haynes asserts that "Parole is illegally holding [him]" and that he is serving a "3rd

separate and distinct sentence" in violation of his federal due process rights. Civil

Action No. 11-cv-03121-BNB, Doc. #1, at 10. Plaintiff further refers to an "attachment"

in which he asserts the same claim that he raises in the instant action. *Id.* at 50-52. To

the extent his habeas claim arises, in part, under § 2241, the Court may treat his

request for habeas relief under that section. *See Castro v. United States*, 540 U.S.

375, 377 (2003) (recognizing the long-standing practice of federal courts of treating

requests for habeas relief under proper statutory section where pro se prisoner has

labeled the petition differently).

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal

from this order would not be taken in good faith and therefore *in forma pauperis* status

will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S.

438 (1962). If Plaintiff files a notice of appeal he must also pay the full $455 appellate

filing fee or file a motion to proceed *in forma pauperis* in the United States Court of

Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the complaint and the action are dismissed without prejudice as barred by the rule in **Heck v. Humphrey**, 512 U.S. 477 (1994).  It is

FURTHER ORDERED that all pending motions are denied as moot.  It is

FURTHER ORDERED that leave to proceed **in forma pauperis** on appeal is denied.

DATED at Denver, Colorado, this __9th__ day of ____January_____, 2012.

BY THE COURT:


__s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court